*E-Filed 9/30/11*

**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JESSE GRANT, III, | No. C 10-3705 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| DAVE LEWIS, Warden, | |
| Respondent. | |

**INTRODUCTION**

This is a federal habeas petition filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's motion to dismiss the petition as untimely (Docket No. 9) is GRANTED. The petition is DISMISSED.

**DISCUSSION**

**A.   Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within

No. C 10-3705 RS (PR)
ORDER OF DISMISSAL

one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

**B.    Timeliness of the Petition**

The following facts are undisputed. Petitioner was sentenced on April 7, 2006 in the Alameda Superior Court. Petitioner did not appeal his conviction. Therefore, his conviction became final on June 6, 2006, that is, 60 days after the imposition of sentence. *See* Cal. Rule of Court 8.308(a). Petitioner, then, had until June 7, 2007 to file a timely federal habeas petition. The instant petition was filed on August 20, 2010, well after the June 2007 deadline. On this record, absent tolling, the petition is barred by AEDPA's statute of limitations.

**1.    Statutory Tolling**

According to the petition, petitioner filed his first state habeas petition on April 3, 2009. (Pet., Ex. D.) Again, petitioner had until June 7, 2007 to file a timely federal habeas petition.

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* § 2244(d)(2). Petitioner is not entitled to statutory tolling. A state habeas petition filed after AEDPA's statute of limitations ended, such as the May 1, 2009 state habeas petition, cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d

820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Because the limitations period expired prior to the filing of the first state habeas petition, petitioner is not entitled to statutory tolling. Accordingly, absent equitable tolling, the petition is untimely and must be dismissed.

### 2. Equitable Tolling

Petitioner asserts that he is entitled to equitable tolling because he had to learn how to file a habeas petition, relearn how to walk, and was suffering from medical problems, including stage four cancer. (Opp. to Mot. to Dismiss at 1–2.) The Supreme Court has determined that § 2244(d), AEDPA's statute of limitations, is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2554 (2010) (holding that equitable tolling may be applicable to extraordinary instance of attorney misconduct far greater than "garden variety" or "excusable neglect" where petitioner exhibited "reasonable diligence" in pursuing his rights and remanding case for detailed determination of circumstances). In *Holland*, the Supreme Court relied on the standard set forth in its earlier decision in *Pace*, that "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.")

Petitioner has not shown that he is entitled to equitable tolling. First, his lack of legal knowledge is not a sufficient basis to establish equitable tolling. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). His allegations of medical problems are insufficiently detailed to show that he was unable to file a timely habeas petition. Also, petitioner failed to pursue direct state review. Taking the entire record into account, petitioner has not shown

that he was pursuing his rights diligently and that some extraordinary circumstance prevented timely filing. Accordingly, respondent's motion to dismiss will be granted.

## CONCLUSION

Respondent's motion to dismiss the petition as untimely (Docket No. 9) is GRANTED. Accordingly, the petition is DISMISSED. Judgment will be entered in favor of respondent. A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent, terminate Docket No. 9, and close the file.

**IT IS SO ORDERED**.

DATED: September 29, 2011

RICHARD SEEBORG
United States District Judge